# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSCOE ELLIOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-942-F |
| | ) |
| WYLE LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint, filed November 19, 2007 (doc. no. 27). Plaintiff has responded, and defendant has replied thereto. Upon due consideration, the court makes its determination.

Plaintiff commenced this action against defendant on August 21, 2007. In the amended complaint filed November 7, 2007, plaintiff alleges an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. and a Burk[1] tort claim. Plaintiff alleges that in or around September 2006, he was informally reprimanded and that the informal reprimand was later changed to a formal reprimand on or about September 28, 2006. Plaintiff also alleges that on or about January 22, 2007, he was demoted from his position of Supervisor-Administration to the position of Assistant II - Planning and Material. According to plaintiff, the demotion resulted in a significant reduction in his pay. Plaintiff alleges

---

[1] Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).

that a significant factor in the disciplinary actions taken against him was plaintiff's age. At the time of the events, plaintiff was 64 years of age or older.

Defendant, in its motion, seeks, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiff's Burk tort claim. Initially, defendant contends that plaintiff's Burk tort claim fails as a matter of law because plaintiff's employment was not terminated. Defendant contends that the Burk tort theory applies only to discharges, not reprimands or demotions. Next, defendant contends that the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101, *et seq.*, which plaintiff relies upon for the clear and compelling public policy to make his tort claim actionable, is unconstitutional. Because the OADA is unconstitutional, defendant contends that it cannot serve as clear and compelling Oklahoma public policy for the tort claim.

The court concludes that dismissal of plaintiff's Burk tort claim is required. The undersigned agrees with his colleagues who have previously concluded that a Burk tort claim is permitted only in discharge cases. In the amended complaint, plaintiff has not alleged a termination. Harman v. Oklahoma ex rel. Northern Oklahoma Bd. of Regents, 2007 WL 1674205, *3 (W.D. Okla. June 7, 2007)(J. Cauthron) ("The Burk tort is premised on a wrongful termination, which may include constructive discharge . . . Even if the transfer were characterized as a demotion, such an adverse employment action does not appear to suffice for purposes of a *Burk* tort."); Sudzeko v. General Motors Corp., 2005 WL 1327384, *4 (W.D. Okla. May 27, 2005) (J. Heaton) ("Plaintiff's claim fails. As previously noted, plaintiff has not been terminated from his employment."); *see also*, Davis v. Board of Regents for Oklahoma State University, 25 P.3d 308, 310 (Okla. Civ. App. 2001) ("Essential to a public policy tort discharge claim, however, is the actual termination of the employer-employee relationship.") The court thus concludes that dismissal of the

claim is appropriate. In light of the dismissal, the court need not address defendant's other stated ground for dismissal.

Accordingly, Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint, filed November 19, 2007 (doc. no. 27), is **GRANTED**.[2]

Dated December 19, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0942p004(pub).wpd

---

[2] In his response, plaintiff requests the court to reserve ruling on defendant's motion until a decision is rendered in Kruchowski, et al. v. Weyerhaeuser Company, No. CQ-104,872 (filed originally as CIV-03-649-P in the Eastern District Court of Oklahoma). The court, however, declines such request as it does not appear that an answer to the questions certified by the parties to the Oklahoma Supreme Court in Kruchowski will resolve the particular issues raised by defendant's motion.